CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Owner/Requestor:
Capstone Studios Corp. et al.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re Subpoena | **Case No.:** 1:24-mc-102 |
| | (Copyright) |
| Internet subscribers of CenturyLink | |
| Communications, LLC | APPLICATION FOR 17 U.S.C. |
| | §512(h) SUBPOENA |

## APPLICATION FOR 17 U.S.C. §512(h) SUBPOENA

TO: CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 17 U.S.C. §512(h), Capstone Studios Corp.; Ralphie's Gym
Membership, LLC; Freedom Feature Ltd; Estate Movie Productions Inc.; Maze
Pictures Projects UG & Television Co. KG; Silent Night Productions Inc.; Sympathy
FTD, LLC; Boy Kills World Rights, LLC; Breathe Productions Inc.; Black Lotus
Europe B.V.; California Maple Holdings, LLC; After Productions, LLC;

20-023F9

Millennium Media, Inc.; Millennium Funding, Corp.; Voltage Holdings, LLC; Voltage Pictures, LLC; Cell Film Holdings, LLC; After Movie II, LLC; After We Fell Productions, Ltd.; After Ever Happy Productions, Ltd., Bodyguard Productions, Inc.; Chase Film Nevada, LLC; Dallas Buyers Club, LLC; Jolt Productions, Inc.; Killing Link Distribution, LLC; LF2 Productions, Inc.; LHF Productions, Inc.; Millennium IP, Inc.; Millennium Media, Inc.; MON, LLC; Nikola Production, Inc.; Outpost Productions, Inc.; Paradox Studios, LLC; Rambo V Productions, Inc. The Guard Productions, Ltd., Til Productions, Inc., Venice PI, LLC; Wonder One, LLC; Killing Link Distribution, LLC; and Hitman Two Productions, Inc. (collectively "Owner") hereby apply for issuance of a subpoena to CenturyLink Communications, LLC (the service provider) to identify the alleged infringers of Owner's Copyright protected motion pictures as listed in Exhibit "1".

§512(h) provides the copyright owner with a mechanism to request a subpoena from this Court.  Particularly, §512(h)(1) provides:

 (1) Request.—
A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

As stated in the Declaration of Counsel, the undersigned represents the Owner of the Copyright protected subject matter.

§512(h)(2) provides:

20-023F9

(2) Contents of request.—The request may be made by filing with the clerk—
(A) a copy of a notification described in subsection (c)(3)(A);
(B) a proposed subpoena; and
(C) a sworn declaration to the effect that the purpose for which the subpoena is sought
is to obtain the identity of an alleged infringer and that such information will only be
used for the purpose of protecting rights under this title.

The undersigned provided copies of the notifications described in subsection

(c)(3)(A) [*See* Exhibit "2"], a proposed subpoena and the sworn declaration.

512(h)(3) provides:

(3) Contents of subpoena.—
The subpoena shall authorize and order the service provider receiving the notification
and the subpoena to expeditiously disclose to the copyright owner or person
authorized by the copyright owner information sufficient to identify the alleged
infringer of the material described in the notification to the extent such information is
available to the service provider.

The proposed subpoena is in accordance with §512(h)(3).

§512(h)(4) provides:

(4) Basis for granting subpoena.—
If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed
subpoena is in proper form, and the accompanying declaration is properly executed,
the clerk shall expeditiously issue and sign the proposed subpoena and return it to the
requester for delivery to the service provider.

As the undersigned has provided the notification, the proposed subpoena in

proper form, and the properly executed declaration, the clerk must issue and sign the

proposed subpoena.  §512(h)(4) provides that *the Clerk*, not a Judge should issue and

sign the proposed subpoena.

§512(h)(6) provides that "…the procedure for issuance and delivery of the

subpoena…shall be governed to the greatest extent practicable by those provisions of

the Federal Rules of Civil Procedure governing the issuance, service, and

3

20-023F9

enforcement of a subpoena duces tecum". That is, §512(h)(6) provides that the procedures for the Rule 45 subpoena shall govern. The proposed subpoena is a Rule 45 subpoena.

The D.C. Circuit has determined that a subpoena under §512(h) "may be issued only to an ISP engaged in storing on its servers material that is infringing or the subject of infringing activity." *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003) ("*Verizon*"). The Eighth Circuit adopted the reasoning of the D.C. Circuit and concluded that §512(h) only applies to ISPs that directly store, cache, or provide links to infringing material. *See In re Charter Communications, Inc.*, 393 F.3d 771, 776-77 (8th Cir. 2005) ("*Charter*"). The District of Hawaii also agreed with the reasoning of *Verizon* and *Charter* in *In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC & Coxcom LLC.*, No. 23-00426 JMS-WRP, 2024 U.S. Dist. LEXIS 16348 (D. Haw. Jan. 30, 2024) ("*Cox*")[1]. However, there is no evidence that Century Link does not store the infringing material on its servers. Indeed, Century Link (dba Lumen) appears to provide cloud storage. *See* Lumen, CenturyLink Cloud Service Guide, https://www.ctl.io/legal/centurylink-cloud/serviceguide/ (last accessed on Sept. 20, 2024); Storage Cloud Century Link, https://storagecloud.centurylink.com/userportal/?v=4.5.6#/login (last accessed on

---

[1] The Petitioners in *Cox* have appealed this decision to the Ninth Circuit. Accordingly, it is not a final decision.

20-023F9

Sept. 20, 2024). Accordingly, the *Verizon*, *Charter* and *Cox* decisions may not be applicable to Century Link since it provides more than transitory services.

To the extent the *Verizon*, *Charter* and *Cox* decisions are applicable to not just conduit providers that do not store the material but all service providers under §512(a), these decisions conflict with the plain language of §512(a)(4) which states:

> no copy of the material made by the service provider in the course of such ***intermediate or transient storage*** is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for ***a longer period than is reasonably necessary*** for the transmission, routing, or provision of connections…
> (emphasis added)

Thus, even a §512(a) service provider may store infringing material on its servers although for no longer than reasonably necessary for the transmission. This point is consistent with the Ninth Circuit's conclusion in *Ellison v. Robertson*, 357 F.3d 1072, 1081 (9th Cir. 2004) that a service provider can store the material for 14 days and still qualify as a §512(a) service provider. A contrary interpretation that a §512(h) cannot be issued to *all* §512(a) service providers conflicts with the plain language of §512(a)(4) and the Ninth Circuit's guidance in *Ellison*. Accordingly, Owner respectfully submits that the Ninth Circuit will likely conclude in the appeal of *Cox* that §512(h) does apply to ISPs that store infringing material for a limited time period.

20-023F9

Both the *Verizon* and *Charter* decisions turned on the conclusion that the notification described in subsection (c)(3)(A) could not be applied to an ISP that acts as a conduit because there is nothing to be removed.  However, as discussed above, CenturyLink provides more service than mere conduit.  Accordingly, CenturyLink may be providing storage services to the customers at the IP addresses listed in Exhibit "1".  Moreover, without knowing how long CenturyLink stores material on its servers, it cannot be concluded that CenturyLink is merely a conduit.

The Tenth Circuit has not yet concluded whether §512(h) applies to ISPs that function as a conduit for infringing material.  However, broadband technology has changed significantly in the two decades since the *Verizon* and *Charter* decisions. Service providers offer services that were not even conceived of at the time of *Verizon* such as public WiFi based upon placing routers in homes of private users.  Some service providers engage in "deep packet inspection" to inspect packets in transit to users to protect their networks or even generate advertisements based upon user data consumption.  Service providers can use null routing to disable access to ongoing activity.  The P2P application in *Verizon* was not BitTorrent but the defunct app "KaZaA".  *Verizon*, 351 F.3d at 1229.  Accordingly, Owner respectfully submits that the Tenth Circuit will likely conclude that §512(h) does also apply to ISPs that act as a conduit to infringing material.

20-023F9

Moreover, both the *Verizon* and *Charter* decisions do not consider the information location tool section (§512(d)) in making their flawed conclusions that the underlying notification did not satisfy the 17 U.S.C. §512(c)(3)(A) notification requirement.  The Notifications sent by Owner at least satisfy all requirements of §512(d)(3) by providing the identification of the reference or link (IP address and Port), the material claimed to be infringing, the activity claimed to be infringing (sharing via BitTorrent) and information reasonably sufficient to permit the service provider to locate that reference or link (IP addresses) so that the ISP can disable access to the infringing material by, for example, null routing the assigned IP address, filtering BitTorrent ports or blocking access to the piracy websites such as, for example, YTS.MX.   Although this assertion was rejected in in *Cox*, Owner respectfully submits that the Ninth Circuit will likely conclude that §512(h) does also apply to ISPs that provide links to infringing material in the appeal of *Cox*.  Owner also respectfully submits that the Tenth Circuit would likely conclude that §512(h) does also apply to ISPs that directly store, cache, or provide links to infringing material.

For these reasons, the undersigned request that the Clerk of the Court expeditiously issue and sign the proposed subpoena and return it to the undersigned via ECF to be served on the service provider.

20-023F9

DATED: Kailua Kona, Hawaii, September 20, 2024.


CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper

Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Owner/Requestor

20-023F9